PROB 12C
(6/16)

Report Date: August 15, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 15, 2023

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Casey Earl Hallman | Case Number: 0980 2:14CR00146-RMP-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮▮▮ | Spokane, Washington 99217 |

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: March 23, 2016

| | | | |
|---|---|---|---|
| Original Offense: | Possession of a Stolen Firearm, 18 U.S.C. §§ 922(j) and 924(a)(2) | | |
| Original Sentence: | Prison - 60 Months; TSR - 36 Months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Timothy John Ohms | Date Supervision Commenced: | May 26, 2023 |
| Defense Attorney: | Robert R. Fischer | Date Supervision Expires: | May 25, 2026 |

### PETITIONING THE COURT

**To issue a WARRANT.**

On May 26, 2023, the offender's conditions of supervision were reviewed with him and he signed his conditions acknowledging an understanding of his requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | **Supporting Evidence**: Mr. Hallman is alleged to have violated mandatory condition number 3 by ingesting cocaine, previously occurring on or about July 28, 2023, based on both urinalysis testing and the client's admission of such use. |
| | Specifically on July 28, 2023, Mr. Hallman was directed to report to the U.S. Probation Office for random urinalysis testing. Mr. Hallman reported as directed and prior to urinalysis testing, admitted he would be positive for cocaine, detailing that he had previously used the substance on or about July 25, 2023, stating that a disagreement with his child's mother had led to increased stress and anxiety that resulted in his using "one line" of the drug. |

Prob12C
**Re: Hallman, Casey Earl**
**August 15, 2023**
**Page 2**

        Mr. Hallman subsequently submitted to urinalysis testing during which the sample tested presumptive positive for cocaine. Mr. Hallman did sign a drug use admission form, and on August 7, 2023, confirmation was received from the contract lab confirming the sample as positive for cocaine.

2    **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

    **Supporting Evidence**: Mr. Hallman is alleged to have violated standard condition number 3 by failing to report to the U.S. Probation Office on both August 14 and 15, 2023, as directed by the undersigned officer.

    Specifically, on August 11, 2023, Mr. Hallman was contacted by the undersigned officer for the purpose of scheduling the client for urinalysis testing on the day in question, in addition to discussing other owed obligations.

    Mr. Hallman indicated he was unable to report to the U.S. Probation Office prior to 5 p.m., given that he was scheduled to work until that time. Mr. Hallman did commit to reporting to the contract provider instead, who was scheduled to remain open until 7 p.m.

    At 3:25 p.m., the undersigned officer received a call from the client's father, who also serves as the client's employer and who indicated that his son was not doing well, stating he had been untruthful with the undersigned officer earlier and clarified his son was already off of work on the day in question. The contact also stated that he did not believe the client would report as directed by the undersigned officer. Subsequent attempted calls and text messages to the client then went without response. At 6:40 p.m., the client sent a text message to the undersigned officer indicating he had just received this officer's messages that he had a lot going on, but he could report on Monday morning. A 9 a.m. report time was agreed upon.

    Mr. Hallman subsequently failed to report as directed on Monday, August 14, 2023. At 9:37 a.m., the undersigned officer left a voice mail and sent a text message to the client requesting contact. Mr. Hallman responded via text messaging indicating that he was completing a mental health assessment appointment and he would report after.

    At 12:16 p.m., the undersigned officer sent another text message inquiring as to his status, at which time the client responded that he was waiting on his father to drop off his two children, after which he would report that afternoon.

    At 4:50 p.m., the undersigned officer again left a voice mail and sent a text message to the client expressing concern as to his failure to report, and directing him to report the next morning at 8 a.m. The client subsequently responded via text messaging apologizing and committing to doing so.

    As of 11 a.m., on August 15, 2023, Mr. Hallman has failed to report as directed.

3    **Special Condition #17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

Prob12C
Re: Hallman, Casey Earl
August 15, 2023
Page 3

**Supporting Evidence**: Mr. Hallman is alleged to have violated special condition number 17 by failing to report for urinalysis testing as previously directed on August 11, 2023.

Specifically, on August 11, 2023, Mr. Hallman was contacted by the undersigned officer and directed to report on the day in question for urinalysis testing. Mr. Hallman indicated a conflicting employment schedule and he advised that he would not be able to report to the U.S. Probation Office prior to 5 p.m. Mr. Hallman was then directed to report for testing at the contract provider, who was scheduled to remain open until 7 p.m., to which he committed. Mr. Hallman subsequently failed to report to the contract provider as directed.

The U.S. Probation Office respectfully recommends the Court **issue a WARRANT** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   August 15, 2023

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[x]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Rosanna Malouf Peterson

Signature of Judicial Officer

8/15/2023

Date