PROB 12C
(6/16)

Report Date: June 20, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 20, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Casey Earl Hallman   Case Number: 0980 2:14CR00146-TOR-1

Address of Offender: 12715 East Mission Avenue, Spokane Valley, Washington 99216

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: March 23, 2016

| | |
|---|---|
| Original Offense: | Possession of a Stolen Firearm, 18 U.S.C. §§ 922(j) and 924(a)(2) |
| Original Sentence: | Prison - 60 Months; TSR - 36 Months |
| Asst. U.S. Attorney: | Timothy John Ohms |
| Defense Attorney: | Carter Liam Powers Beggs |

Type of Supervision: Supervised Release

Date Supervision Commenced: May 26, 2023

Date Supervision Expires: May 25, 2026

### PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 08/15/2023, 08/17/2023, 10/13/2023, and 05/31/2024.

On May 26, 2023, the offender's conditions of supervision were reviewed with him and he signed his conditions acknowledging an understanding of his requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 10 | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | **Supporting Evidence**: Mr. Hallman is alleged to have violated mandatory condition number 3 by having methamphetamine on his person while entering into inpatient treatment services with American Behavioral Health Systems (ABHS) on June 3, 2024. In addition, Mr. Hallman maintained control of the substance in his belongings until June 5, 2024, and admitted to ingesting the substance on June 3, in the parking lot prior to entering into services, and then again on June 5, 2024, while in inpatient services and prior to his arrest by the U.S. Marshals Service, based on ABHS staff testimony, urinalysis testing results and the client's own admission of such conduct. |

Prob12C  
Re: Hallman, Casey Earl  
June 20, 2024  
Page 2

Specifically, and as the Court may recall, based on the petition submitted on May 31, 2024, Mr. Hallman was previously alleged to have failed to report as directed, and was known to the U.S. Probation Office to be using illicit substances based on his own admission. Given the identified concerns in conjunction with Mr. Hallman's unwillingness to surrender to detox services despite encouragement and suggestion from both the undersigned officer and his primary treatment provider, Your Honor issued an arrest warrant for Mr. Hallman on May 31, 2024. Despite several attempts to convince Mr. Hallman to report to the U.S. Probation Office to address the warrant, he instead surrendered to inpatient treatment services with ABHS on June 3, 2024, stating his awareness that the undersigned officer intended to have him returned to custody and that was not what he needed.

On June 5, 2024, Mr. Hallman was taken into custody by the U.S. Marshals Service on the outstanding warrant at ABHS in Spokane, where the client was engaged in inpatient treatment services. On June 6, 2024, Mr. Hallman appeared in U.S. Magistrate Court and waived both probable cause and detention hearings, but was graciously granted furlough to attend a newly secured inpatient bed date with ABHS on June 7, 2024.

On June 7, 2024, the undersigned officer was able to verify that Mr. Hallman was released from the Spokane County Jail and transported back to ABHS to complete inpatient treatment services. On June 12, 2024, the undersigned officer conducted unscheduled community contact with Mr. Hallman at the provider and met with Mr. Hallman, who indicated continued progress and discussed his intent to request from the Court his release from the provider back to the community following successful completion of services. Following completion of the meeting, the undersigned officer was being escorted out of the building by the clinical director, at which time the undersigned officer was informed of a previous admission made by Mr. Hallman of having both brought methamphetamine into the facility during his initial surrender to the facility on June 3, 2024, and using the substance while in inpatient treatment on June 5, 2024, prior to his surrender to the U.S. Marshals Service. Mr. Hallman was confronted by the undersigned officer and he adamantly denied that he had used methamphetamine since his initial surrender, but did admit to possessing the substance, and bringing methamphetamine into the facility on June 3, 2024, describing it as a "safety net." Mr. Hallman stated that ABHS executive staff must have misunderstood his admission. The undersigned officer expressed significant concern that he was providing a different story to ABHS staff compared to that provided to the undersigned officer. Mr. Hallman reaffirmed that he was being honest with the undersigned.

On June 17, 2024, a urinalysis testing laboratory report was received from the inpatient provider, verifying a confirmed positive urinalysis sample submitted by Mr. Hallman while at ABHS on June 10, 2024, the result of which was confirmed positive for both amphetamine and methamphetamine.

Prob12C
Re: Hallman, Casey Earl
June 20, 2024
Page 3

On June 18, 2024, Mr. Hallman contacted the undersigned officer and stated that he wanted to be honest, and admitted bringing methamphetamine into ABHS on June 3, 2024, and then using the substance on June 5, 2024, prior to his arrest by the U.S. Marshals Service, advising that he thought he was "safe" inside facility, and once he was notified as to their presence at the facility, he believed he would be returned to custody for a significant period of time. Mr. Hallman also admitted to ingesting methamphetamine on June 3, 2024, in the parking lot before surrendering to inpatient services. Mr. Hallman was placed on a "clinical intervention" by the facility for his admitted misconduct, and he otherwise remains engaged in services at this time. No anticipated date for successful completion has yet been provided by the provider as of the date of this report.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 20, 2024

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[X]   Defendant to appear before the Judge assigned to the case.
[ ]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice
United States District Judge

June 20, 2024
Date